IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MALCOLM PHINNEY**                                                       **PLAINTIFF**

v.                        No. 4:23-cv-1095-DPM

**GREENWOOD MOTOR LINES, INC.;**
**MATTHEW DAKUS; JOHN DOE,**
**Motor Carriers 1-5**                                 **DEFENDANTS**

### PROTECTIVE ORDER

**1.** This Agreed Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure.

**2.** Discovery in this action may involve disclosure of trade secrets, medical, confidential, and proprietary business, technical and financial information. The parties have agreed that confidential information exists. This information should be produced pursuant to a Protective Order that limits the identity of individuals entitled to review such records and describes how such records should be maintained and protected.

**3.** Documents that are marked and supplied subject to Protective Order may not be copied, distributed, or otherwise used in any manner, except as allowed in this Order, or by the Court. The parties will take care to exercise restraint in identifying documents that are subject to the Protective Order.

4.      The parties may communicate with their clients, experts and persons working on their behalf about the contents of documents produced subject to the Protective Order.

5.      Counsel must confer in good faith *in person* before bringing any dispute arising under this Protective Order to the Court. A party or any other person objecting shall provide written notice of the dispute to the appropriate party or parties, specifying the materials that are the subject of the dispute. Within thirty days after an objection, the parties and any other objecting person(s) shall confer in good faith, and in person, to resolve the dispute. If the parties reach an impasse, they must file a joint report explaining the disagreement. The parties will file this paper under the CM/ECF event called "Joint Report of Discovery Dispute". This joint report should not exceed ten pages, excluding the style and signature block. Each side gets five pages. The joint report must be filed sufficiently before the trial cutoff so that the dispute can be resolved without undermining other pretrial deadlines. The parties will alert the law clerk on the case to the joint report's filing. The parties will not proceed on the disputed issue until the Court issues a ruling or schedules a hearing.

6.      The parties must comply with Fed. R. Civ. P. 5.2's mandate for redaction, if practicable, before filing under seal. If an entire page contains confidential information, substituting a page marked "Redacted" is an acceptable redaction method. If redaction is

impracticable, a party must move for permission to file any confidential information, an any related motion, brief, or paper containing that material, under seal. The moving party must justify sealing document by document, with specifics and solid reasons, including an explanation about why redaction cannot be done.

7. Confidential information shall not be used for any purpose other than the defense, prosecution, or settlement of this action in accordance with the provisions of this Order and shall not be discussed or disclosed to any person except as specifically authorized by this Order. Any documents, information, deposition testimony, or other material subject to this Order shall not be used or disclosed, directly or indirectly, by any party for any business, commercial or competitive purpose whatsoever.

8. The inadvertent, unintentional, or *in camera* disclosure, without designation a confidential, of information or a document intended to be designated or that should have been designated as confidential shall not waive the right to designate the document or information. Upon discovery of an inadvertent error, counsel for the parties shall, to the extent possible, cooperate to restore the confidentiality of the designated information. Any information or documentation that is inadvertently or unintentionally not designated as confidential when produced shall be treated as confidential under this Order upon written request of the producing party.

**9.**   Subject to the Federal Rules of Evidence, any confidential information or documents may be offered into evidence at trial or any Court hearing or in support of, or opposition to, a motion.  Any party may move the Court to prevent unnecessary disclosure of confidential information and documents.

**10.**   In the event of a proven violation of this Order by any party or recipients of information designated as confidential, the offending party or person understands that he or she may, in the discretion of the Court, suffer the imposition of such remedy or sanctions as the Court deems appropriate.

**11.**   This Order will remain in effect until one year after litigation ends, including any appeal.  Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties and signatories.  Upon termination of this case, the parties shall return to their respective counsel all confidential documents and material, along with any copies of those materials.  Counsel for the parties may retain confidential information in their files, subject to this Order.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

21 February 2024

**STIPULATED AND AGREED TO BY:**

Duncan Firm, P.A.
809 West Third Street
Little Rock, Arkansas 72201

Kutak Rock LLP
1277 E. Joyce Blvd., Suite 300
Fayetteville, Arkansas 72703-5585