# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MALCOM PHINNEY**  PLAINTIFF

v.  No. 4:23-cv-1095-DPM

**GREENWOD MOTOR LINES, INC., d/b/a
R+L CARRIERS; MATTHEW DAKUS;
and JOHN DOE, Motor Carriers 1-5**  DEFENDANTS

## ORDER

The Court, upon good cause shown, and in accordance with Fed. R. Civ. P. 26(c)(1), orders as follows:

**1.** This Agreed Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure. Discovery in this action involves disclosure of 90 days of Defendant Matthew Dakus' cell phone records. By Order dated 3 December 2024, this Court ruled that Dakus can provide the records subject to a mutually agreeable Protective Order, noting that "Discovery and admissibility are, of course, different issues." *Doc. 35*. This cell phone data at hand is confidential and will be produced to the Plaintiff Malcolm Phinney in this lawsuit pursuant to this Agreed Protective Order, which limits the identity of individuals entitled to review such records and describes how such records should be maintained and protected. The existing protective order entered in

this case, *Doc. 28*, is incorporated substantially into this agreed protective order for production of the cell phone records.

2.  Cell phone records that are marked and supplied subject to this Agreed Protective Order may not be copied, distributed, or otherwise used in any manner, except as allowed in this Order, or by the Court.

3.  The parties may communicate with their clients, experts and persons working on their behalf about the contents of documents produced subjective to this Agreed Protective Order.

4.  Counsel must confer in good faith *in person* before bringing any dispute arising under this Agreed Protective Order to the Court. A party or any other person objecting shall provide written notice of the dispute to the appropriate party or parties, specifying the materials that are the subject of the dispute. Within thirty days after an objection, the parties and any other objecting person(s) shall confer in good faith, and in person, to resolve the dispute. If the parties reach an impasse, they must file a joint report explaining the disagreement. The parties will file this paper under the CM/ECF event called "Joint Report of Discovery Dispute." This joint report shall not exceed ten pages, excluding the style and signature block. Each side gets five pages. The joint report must be filed sufficiently before the trial cutoff so that the dispute can be resolved without undermining other pretrial deadlines. The parties will alert the law clerk on the case to the joint report's filing.

The parties will not proceed on the disputed issue until the Court issues a ruling or schedules a hearing.

**5.** The parties must comply with Fed. R. Civ. P. 5.2's mandate for redaction, if practicable, before filing under seal. If an entire page contains confidential information, substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any confidential information, on any related motion, brief, or paper containing that material, under seal. The moving party must justify sealing document by document, with specifics and solid reasons, including an explanation about why redaction cannot be done.

**6.** Confidential information shall not be used for any purpose other than the defense, prosecution, or settlement of this action in accordance with the provisions of this this Agreed Protective Order and shall not be discussed or disclosed to any person except as specifically authorized by this Agreed Protective Order. Any documents, information, deposition testimony, or other material subject to this Agreed Protective Order shall not be used or disclosed, directly or indirectly, by any party for any business, commercial or competitive purpose whatsoever.

**7.** The inadvertent, unintentional, or *in camera* disclosure, without designation of confidential information or a document intended to be designated or that should have been designated as

confidential shall not waive the right to designate the document or information. Upon discovery of an inadvertent error, counsel for the parties shall, to the extent possible, cooperate to restore the confidentiality of the designated information. Any information or documentation that is inadvertently or unintentionally not designated as confidential when produced shall be treated as confidential under this Agreed Protective Order upon written request of the producing party.

8. Subject to the Federal Rules of Evidence, any confidential information or documents may be offered into evidence at trial or any Court hearing or in support of, or opposition to, a motion. Any party may move the Court to prevent unnecessary disclosure of confidential information and documents.

9. In the event of a proven violation of this Agreed Protective Order by any party or recipients of information designated as confidential, the offending party or person understands that he or she may, in the discretion of the Court, suffer the imposition of such remedy or sanctions as the Court deems appropriate.

10. This Agreed Protective Order will remain in effect until one year after litigation ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties and signatories. Upon termination of this case, the parties shall return to their respective counsel all confidential

documents and material, along with any copies of those materials. Counsel for the parties may retain confidential information in their files, subject to this Agreed Protective Order.

So Ordered.

*/s/ DP Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

3 January 2025