**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**MALCOLM PHINNEY** **PLAINTIFF**

**v.** **No. 4:23-cv-1095-DPM**

**GREENWOOD MOTOR LINES, INC., d/b/a R+L Carriers; and MATTHEW DAKUS** **DEFENDANTS**

# ORDER

**1.** The Court has received the attached emails. The Court is working on an Order that will address these issues. No telephone conference is needed. Greenwood's obligation to disclose financial information to Phinney, *Doc. 185 at 2*, is stayed pending the Court's forthcoming Order.

**2.** The Court notes the deposition-designation disputes and commends the parties for their collaboration and winnowing. Some context would help the Court in ruling. Please provide a color-coded transcript of the Hothem, Martinez, and Viso depositions. Green—all agreed designations. Yellow—Phinney's objections to Greenwood's designations. Blue—Greenwood's objections to Phinney's designations. Addendum to *Doc. 214* due by 15 September 2026.

**3.** The motion for leave to file excess pages, *Doc. 206*, is reluctantly granted. The reply, *Doc. 213*, will stand as filed.

So Ordered.

D.P. Marshall Jr.
United States District Judge

4 September 2026

**Caroline O'Connor**

---

**From:** Sam E. Taylor <Sam.Taylor@LanierLawFirm.com>
**Sent:** Thursday, September 3, 2026 1:46 PM
**To:** Musgraves, Zach A.; AREDdb_dpmchambers; Caroline O'Connor
**Cc:** Cung, Niki; Watts, Peyton C.; Phillip Duncan; Richard Quintus; Rob Pointer; Reid Byrd; Kyle Schnitzer; Mark Lanier
**Subject:** Phinney v. Greenwood Motor Lines, Inc. et al. Case No. 4:23-cv-1095

**CAUTION - EXTERNAL:**

Honorable Judge Marshall,

In Plaintiff's view, the Court's spoliation order (Dkt. 199) did not supersede the order from the prior motions hearing (Dkt. 185). This Court declined "to put punitives back in the case" *as a sanction* for Greenwood's intentional spoliation of evidence, but the Court never converted the treatment of Plaintiff's punitive damage claims—expressly "dismissed without prejudice"—to dismissal "with prejudice." Nor did the Court reverse its express intent, stated on the record, to revisit this issue after hearing "all the proof at trial."

Per Docket 185, the financial information was to be produced to Plaintiff in discovery to facilitate trial preparation 30 days before trial if the case did not settle—though the parties have been actively negotiating since their mediation on August 21, that deadline is now approaching, so Plaintiff requested production of the financial information in discovery. Plaintiff's punitive damages claims have only ever been dismissed "without prejudice," subject to reconsideration "at trial."

Plaintiff agrees the parties would benefit from prompt clarification of the interplay between Order 185 and Order 199 as they continue their settlement negotiations and trial preparation. However, with respect to Mr. Musgrave's request for an "immediate" telephone conference with the Court, with the approaching holiday weekend, we agree to wait until Tuesday, September 8 for any call with the Court. We, of course, defer to the Court and its schedule on the timing and manner in which to address these issues.

Thank you,

Sam Taylor
Lanier Law Firm

Phillip Duncan
Duncan Law

The Lanier Law Firm

**Sam Taylor**
**Senior Litigation Counsel**
p: 817-720-0509
5049 Edwards Ranch Rd
4th Floor
Clearfork
Fort Worth • Texas • 76109
www.LanierLawFirm.com

---

**From:** Musgraves, Zach A. <Zach.Musgraves@KutakRock.com>
**Sent:** Thursday, September 3, 2026 12:25 PM
**To:** AREDdb_dpmchambers <dpmchambers@ared.uscourts.gov>; caroline_oconnor@ared.uscourts.gov
**Cc:** Cung, Niki <Niki.Cung@KutakRock.com>; Watts, Peyton C. <Peyton.Watts@KutakRock.com>; Phillip Duncan <phillip@duncanfirm.com>; Richard Quintus <richard@duncanfirm.com>; Rob Pointer <rob@duncanfirm.com>; Reid Byrd <reid@duncanfirm.com>; Sam E. Taylor <Sam.Taylor@LanierLawFirm.com>; Mark Lanier <Mark.Lanier@LanierLawFirm.com>
**Subject:** [EXTERNAL] RE: Phinney v. Greenwood Motor Lines, Inc. et al. Case No. 4:23-cv-1095

Honorable Judge Marshall,

At the April 14, 2026, motion hearing, it was ordered that "if the case doesn't settle, thirty days before trial, Greenwood must produce its financial records, subject to the Protective Order, (Doc. 28), as a hedge against the possibility of punitive damages coming back in." (Dkt. 185)

Subsequently, regarding Plaintiff's Motion to Address Spoliation (Dkt. 189), the Court declined "to put punitives back in the case." (Dkt. 199) The Court ordered Greenwood to produce its financial information *ex parte* and under seal for purposes of deciding any sanction.

Despite the subsequent Order, Plaintiff has requested that Greenwood provide the financial records by September 4, 2026, in accordance with previous Order. Greenwood's position is that Plaintiff sought clarification on the punitive damage issue after the hearing and the Court has "decline[d] to put them back in the case," making the language of the previous Order, regarding production of financial records, inapplicable.

Defendants respectfully seek clarification of the Court's Orders regarding production of highly confidential, proprietary financial information, and ask for an immediate telephone conference, if necessary. Due to the nature of the information, Greenwood will not produce the information until / unless ordered by the Court.

Thank you for your consideration and guidance.

Sincerely,

**Zach A. Musgraves**
Of Counsel
**Kutak Rock LLP**
1277 E. Joyce Blvd., Suite 300, Fayetteville, AR 72703
Zach.Musgraves@kutakrock.com
**p:** 479.973.4200 **m:** 479-695-1953 **c:** 479-719-0537

This E-mail message is confidential, is intended only for the named recipients above and may contain information that is privileged, attorney work product or otherwise protected by applicable law. If you have received this message in error, please notify the sender at 402-346-6000 and delete this E-mail message.
Thank you.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.