**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**MALCOLM PHINNEY** **PLAINTIFF**

**v.** **No. 4:23-cv-1095-DPM**

**GREENWOOD MOTOR LINES, INC., d/b/a R+L Carriers; and MATTHEW DAKUS** **DEFENDANTS**

**AMENDED ORDER**

The Court issued a show cause Order on the spoliation issue, raising the possibility of monetary sanctions. Greenwood responded. Thereafter, the parties settled. The Court entered Judgment but retained jurisdiction to enforce the settlement and address the sanctions issue. In its prior Order, the Court laid out the material facts. *Doc. 199*. Greenwood stands on the Krisa affidavit. The company maintains that the undisputed disassociation of Dakus's remaining Lytx data in the middle of this case was not done in bad faith to frustrate the judicial process. The Court has reconsidered the whole record, and reflected further on all the circumstances, because sanctions should not be hastily or routinely imposed. The issue must be gin clear.

It is. Krisa's after-the-fact explanation is not credible. His contemporaneous email explained the goal—frustrating discovery in accident-related litigation. Lytx strongly recommended against

disassociation. The recently concluded and pending litigation about this multi-vehicle pile up, which resulted in many serious injuries, had to be front of mind. The docket entries in *Crosby* and this case run into the hundreds, many of them reflecting hard-fought discovery disputes. Dakus's Lytx data and metadata were sought long before, and at the time of, disassociation. The accident-adjacent materials had been produced; the historical data and metadata had not. Krisa says he thought all Dakus-related Lytx data had been preserved. But he is silent about what efforts he or Greenwood undertook to ensure that preservation. That silence, coupled with his email, the unchecked erosion of the Lytx data, and the litigation history, speak loudly. Greenwood's destruction of any connection between Dakus and his Lytx data and metadata was not the inadvertent byproduct of the company's policy change. In the circumstances presented, that destruction was done in bad faith to frustrate Phinney's lawyers' efforts to discover facts about Dakus's driving history. Greenwood's* intentional conduct frustrated the administration of justice under law and warrants a sanction. *Stevenson v. Union Pacific Railroad Co.*, 354 F.3d 739, 746–47 (8th Cir. 2004); *Morris v. Union Pacific Railroad*, 373 F.3d 896, 902 (8th Cir. 2004).

---

* Greenwood's outside counsel were not involved in this. As the Court has noted before, they bear no responsibility or fault.

What is an appropriate sanction? The Court has considered Greenwood's across-the-board admission of liability and the settlement. Both had financial consequences. The Court has considered Greenwood's financial circumstances because a sanction is punishment and must be individualized. And the Court has, of course, considered all the spoliation details and circumstances. Though the Court's first thought was a bigger number, the Court concludes that a $50,000 sanction is fair, just, and proportionate to the wrong. Greenwood must pay $15,000 of the sanction to Phinney's lawyers—because they put in much extra work seeking the lost information. Greenwood must pay the $35,000 balance to the Court. These payments are due by 18 December 2026. The company must file a notice certifying that they have been made. The Court extends its jurisdiction until 29 January 2027 to enforce compliance with this Order and its sanction rulings.

So Ordered.

D.P. Marshall Jr.
United States District Judge

19 November 2026